UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS LLC, | ) | CASE NO: 5:25-cv-00302 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JOHN DOE, | ) | |
| *Subscriber assigned IP address* | ) | |
| *174.104.142.255* | ) | |
| | ) | (Resolves Doc. 7) |
| Defendant. | ) | |
| | ) | |

The matter before the Court is the *Joint Motion for Protective Order* (the "Motion") (Doc. 7) wherein the parties move for approval of a stipulated protective order allowing Defendant to proceed anonymously throughout litigation as a "John Doe" defendant.

For the reasons stated below, the Motion is DENIED.

I.   BACKGROUND

Strike 3 Holdings LLC ("Strike 3") filed this copyright infringement claim against John Doe Defendant for allegedly illegally downloading and distributing the company's adult motion pictures. Doc. 1. Strike 3 is a frequent litigant known in this District for similar cases where, like here, it generally moves for leave to serve a third-party subpoena to the appropriate internet service provider so they can identify the defendant by their IP address. Strike 3 moved this Court accordingly and the Court granted leave to serve the subpoena on Spectrum. Doc. 6.

Strike 3 cases tend to result in a voluntary dismissal prior to any response or additional litigation. Now, however, rather than a voluntary dismissal, it appears that Spectrum has identified

Defendant in this case, and they have obtained counsel. Defendant now wants to proceed using the "John Doe" pseudonym to avoid embarrassment or disclosure of intimate information that may be associated with the allegations. Doc. 7 at p. 2.

### II. LAW AND ANALYSIS

In general, a complaint must state the names of all parties, but this requirement may be excused when an individual's privacy interests outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004). The decision of whether to issue a protective order is committed to a district court's discretion even if, like here, there is no objection to the request. *Doe v. Carson*, No. 19-1566, 2020 U.S. App. LEXIS 14520, at *2 (6th Cir. May 6, 2020). The factors considered by the Court are: (1) whether the parties challenge governmental activity; (2) whether prosecution will compel disclosure of information "of the utmost intimacy"; (3) whether litigation compels a party to disclose an intention to violate the law; and (4) whether the parties are children. *Porter* at 560.

The parties in this case seek to maintain Defendant's anonymity due solely to the second *Porter* factor, suggesting that disclosure of Defendant's name might cause embarrassment by potentially making their private information, including sexual activity and sexual orientation, public. Doc. 7 at p. 2. They are not seeking anonymity to challenge governmental activity, the litigation does not compel a disclosure of intention to violate the law, and there is no indication that Defendant is a child. *See Porter* at 560. Accordingly, the only consideration at issue is whether prosecution of this lawsuit will compel Defendant to disclose information of the "utmost intimacy." *Id.*

The parties do not specifically address the *Porter* factors, but they cite several prior cases involving Strike 3 as support. They direct the Court to *Strike 3 Holdings, LLC v. Doe*, No. 2:24-

2

cv-3034, 2025 WL 826562 (W.D. Tenn. Feb. 18, 2025) where the court simultaneously granted the issuance of a third-party subpoena (similar to the one in this case) and a protective order allowing the "John Doe" pseudonym due to the risk of an improper party being associated with the IP address during the early stages of litigation. *Id.* at *2. Similarly, in *Strike 3 Holdings, LLC v Doe*, No. 2:23-cv-3193, 2023 WL 7731798 (S.D. Ohio, Oct. 24, 2023), the court permitted defendant to proceed anonymously "until discovery suggests that he or she is the individual connected to the IP address in Strike 3's non-party subpoena." *Id.* at *2. Unlike the instant action though, these cases involved protective orders issued prior to positive identification of the John Doe IP address user.

### III. CONCLUSION

The Motion does not indicate or allege that Defendant was improperly identified here as the user responsible for the IP address. As such, the circumstances are distinguishable from the cases the parties rely on. Further, the Motion does not specify any particular reason or provide any support for how the presumption of open judicial proceedings is outweighed by Defendant's privacy interests. *See Porter* at 560; *see also Carson*, 2020 U.S. App. LEXIS, at *7 (a failure to identify exceptional circumstances or specific harm arising from disclosure does not suffice to allow a party to proceed anonymously).

Accordingly, the *Joint Motion for Protective Order* (Doc. 7) is DENIED.

IT IS SO ORDERED.

April 9, 2025  /s/ John R. Adams
Date  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE

3